## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID WAYNE SHINAULT** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.** |
| **v.** ) | |
| ) | |
| **TRANS UNION, LLC** ) | |
| **and** ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.** ) | |
| **and** ) | |
| **EQUIFAX INFORMATION SERVICES, LLC** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

### JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.      Plaintiff David Wayne Shinault is an adult individual who resides at 188 Bryan Road,. Westfield, North Carolina 27053.

5.      Defendant Trans Union, LLC is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant Experian Information Solutions, Inc. is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

7.      Defendant Equifax Information Services LLC is a consumer reporting agency, which regularly conducts business in Philadelphia County, Pennsylvania, and which has a place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

## FACTUAL ALLEGATIONS

8.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

9.      The inaccurate information includes, but is not limited to, accounts with RMB, Inc., George Brown, and a public record with North Carolina Federal Court.

10.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.   The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

11.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and the inaccurate information that appears on Plaintiff's credit reports was a substantial factor for those denials.

13.     Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed several times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

14.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

15.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

16.     At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## <u>COUNT ONE – VIOLATIONS OF THE FCRA</u>

17.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18.     At all times pertinent hereto, Defendants were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

> (a) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy and privacy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b);
>
> (b) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and
>
> (c) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

22.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

23.     Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)      Statutory damages;

(c)      Punitive damages; and

(d)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**


BY:      _/s/ Mark D. Mailman_
         MARK D. MAILMAN, ESQUIRE
         GREGORY J. GORSKI, ESQUIRE
         Land Title Building, 19th Floor
         100 South Broad Street
         Philadelphia, PA 19110
         (215) 735-8600

Dated:  April 1, 2011                    Attorneys for Plaintiff